IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 09-61360 |
| CHARLES ANTHONY PRUITT and | § | |
| KERRI LYNN PRUITT | § | CHAPTER 13 |
| Debtor | § | |

**DEBTOR'S CHAPTER 13 PLAN
AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

*Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.*

*Use of the singular word "Debtor" in this Plan includes the plural where appropriate.*

**Plan Summary**

A. The Debtor's plan payment will be $500.00 per month, paid by Direct Pay, for 60 months. The gross amount to be paid into the Plan is $30,000.00. Once the IRS debt is resolved, the Debtors will increase their payments accordingly.

B. The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately _____% of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C. The value of the Debtor's non-exempt assets is zero.

D. If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

Form 11/7/05

## Plan Provisions

### I. Vesting of Estate Property

    xx   Upon confirmation of the Plan, all property of the estate shall vest in the Debtor and shall not remain as property of the estate.

    ☐   Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

    ☐   Other (describe):

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
| | | |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

Grande Communications
Kelly Young
Sprint Nextell

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

## IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor(s) move(s) to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

Morgan Building
& Spas, Inc.    $4500    $1,500    $100 monthly    5%    .

*"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 1st day of December 2009."*

_____/s/_____                    _____/s/_____
Debtor                                                                   Co-Debtor

## V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI (2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten(10) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested maybe granted in conjunction with confirmation of the Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien–e.g., judicial lien, nonpurchase-money security interest, etc.)

Form 11/7/05

| Creditor | Property Subject to Lien | Amount of Lien to Be Avoided | Remarks |
|---|---|---|---|
|  |  |  |  |

### VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS. INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.** Debtor(s) shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claim has been assigned, or is owed, or that may otherwise recover a DSO claim, *must* be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor(s) shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor/Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Central National Bank | equipment, inventory, act. Receivable | $30,000 |  |
| Central National Bank | equipment, inventory, act Receivables | $5,562.00 |  |
| First National Bank-Moody | 1116 Webster, Waco TX | $55,000.00 |  |
| Saxon Mortgage | 612 Wooded Crest, Waco, TX | $110,000 | $1350.00 |
| Nuvell | 2007 Chev. Tahoe | $27,000 | $688 |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to Be Surrendered |
|---|---|
|  |  |

Form 11/7/05

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A**. Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums disbursed, except on any funds returned to the Debtor. No fees or expenses of counsel for the debtor(s) may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only after all prior allowed fees and expenses have been paid.

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| Montez & Williams | $2,300.00 | along with | |

**B**. Priority Claims, Including Domestic Support Obligation Arrearage Claims

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| Internal Revenue Service | $100,000 | Along with | |

**C**. Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| | | | | | | |

Form 11/7/05

**D**. Cure Claims on Assumed Contracts, Leases, and Contracts for Deed:

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|

None

**E.** Secured Creditors

      Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/ Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|

      **F.** General Unsecured Creditors (including claims from rejection of contracts, leases and contracts for deed). *Describe treatment for the class of general unsecured creditors.*

Totals:

Administrative Claims:       $2,300.00
Priority Claims:       $100,000
Arrearage Claims :       none
Cure Claims :       none
Secured Claims       $232,062.00
Unsecured Claims       $170,239.97

Form 11/7/05

## VII. Supplemental Plan Provisions

The following are the Supplemental Plan Provisions:

Respectfully submitted this <u>4th  day of December  2009</u>.

                                                                                 /s/

John A. Montez
Montez & Williams, P.C.
3809 W. Waco Drive
Waco, TX 76710
(254) 759-8600
(254) 759-8700   FAX

_____/s/_____
CHARLES ANTHONY PRUITT

_____/s/_____
KERRI LYNN PRUITT

## Certificate of Service

I hereby certify that a true and correct copy of the Plan has been forwarded to the following by First Class U.S. Mail and/or email on this the 1ST day of December 2009:

Ray Hendren
Chapter 13 Trustee
8310 Capital of Texas Hwy North
Suite 475
Austin, TX 78731

Charles and Kerri Pruitt
612 Wooded Crest
Waco, TX 76712

All creditors listed on
the attached matrix

                                                                                 /s/

                                                        JOHN A. MONTEZ

Alice Wilson
5401 Links
Waco, TX  76708

Card Service Center
PO Box 569100
Dallas, TX 75356-9100

CCB Credit Services Inc.
P.O. Box 272
Springfield, IL  62705-0272

Central National Bank
P.O. Box 2525
Waco, TX  76702

Central Texas Pathology Lab
P.O. Box 21509
Waco, TX  76702-1509

Central Texas Radiological ASC
P.O. Box 103
Rockwalll, TX  75087

Chase
PO Box 260161
Baton Rouge, LA 70826-0161

CITI
P. O. Box 653084
Dallas, TX  75265

Credit Management Corporation
PO Box 1396
Madison, CT 06443-1396

Credit One
P.O. Box 60500
City of Industry, CA  91716-0500

Equiant Servicer for Holze Music
P.O. Box 78843
Phoeniz, AZ  85062-8843


Fanklin Collection Service, Inc.
PO Box 3910
Tupelo, MS 38803-3910

Form 11/7/05

Financial Corporation of America
P.O. Box 203500
Austin, TX  78720-3500

First National Bank- Moody
P.O. Box 128
Moody, TX  76557

First Premier Bank
P.O. Box 5147
Sioux Falls, SD  57117-5147

Global Credit Collection Corp
P.O. Box 101928 Dept 2417
Birmingham, AL  35210

Gordons
Processing Center
Des Moines,  IA  50364-0001

Grande Communications
7200 Inperial Dr.
Waco, TX  76712

Household Bank Mastercard
P.O. Box 60102
City of Industry, CA  91716-0102

HSBC
P.O. Box 5244
Carol Stream, IL   60197-5244

Internal Revenue Service
Austin, TX  73301

Internal Revenue Service
Special Procedures Staff
Stop 5022AUS
300 E. 8th Street
Austin, TX   78701

Kelly Young
708 Reform Park
Waco, TX  76706

Morgan Buidlings & Spas, Inc.
P.O. Box 660280
Dallas, TX  75266

Form 11/7/05

Nuvell
P.O. Box 380902
Bloomington, MN  55438-0902

Payment Center
P.O. Box 60136
City of Industry, CA  91716-0136

Portfolio Recovery Associates LLC
P.O. Box 12914
Norfilk, VA  23541

Processing Center
PO Box 689061
Des Moines, IA 50368-9061

RAB Inc
P.O. Box 1022
Wixom, MI  48393-1022

Sam's Club
PO Box 530981
Atlanta, GA 30353-0981

Saxon Mortgage
P.O. Box 161489
Ft. Worth, TX  76161-1489

Scott & White Hospital/Temple
P.O. Box 847914
Temple, TX  75284-7914

Sprint Nextell
P.O. Box 4181
Carol Stream, IL  60197-4181

The MB&W Building
26000 Cannon Road
Cleveland, Ohio 44146

U.S. Attorney General/IRS
Main Justice Bldg, Rm 5111
10th & Constitutional Ave, NW
Washington DC  20530

U.S. Attorney's Office
601 NW Loop 410
Suite 600
San Antonio TX  78216

Form 11/7/05

_____/s/_____<br>JOHN A. MONTEZ

Form 11/7/05