UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

IN RE:
CHARLES ANTHONY PRUITT
KERRI LYNN PRUITT

CASE NO: 09-61360 - RBK

CHAPTER 13

Debtors

## TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' PROPOSED CHAPTER 13 PLAN WITH PREJUDICE

COMES NOW RAY HENDREN, the Chapter 13 Trustee in the above captioned case, and moves this Honorable Court to deny confirmation of Debtors' proposed Chapter 13 plan with prejudice. In support, the Trustee would represent to the Court the following:

1. Debtors filed a voluntary petition on November 20, 2009. The meeting of creditors was held and concluded on December 14, 2009. The confirmation hearing is scheduled for May 12, 2010. The plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral, and approximately 0% of each unsecured allowed claim.

2. The Debtors' plan is infeasible as proposed due to secured and priority claims being filed in greater amounts than scheduled by Debtors. In order to pay all priority claims in full and secured claims to the extent of their value, plan payments must be increased.

3. Upon information and belief the Debtors are not paying in all disposable income. Based upon numerous documents including company ledgers bank statements and other documents that the debtors furnished (the Debtors furnished the documents in several different formats and as requested by the Trustee) the debtors appear to have generated $20, 000 in net income for the first quarter of 2010 ($61,434.11 ) Net means net of taxes and telephone, utilities, and other business expenses( i.e. the amount that the Debtors booked as net income). The debtors' amended plan listed a plan payment of $500 per month and a blank for the amount of the percentage to unsecured creditors. Therefore the Debtors should be required to pay in all net income necessary to pay creditors in full. An example of additional disposable income that the Debtors are not currently contributing to the plan is the $800/month that Debtors expended for food and beverages at restaurants and other establishments, as indicated on their statement dated 2/8/ 2010. Further additional disposable income of $ 689 per month will be available in approximately 3 years when the Debtors complete payments to Nuvell Credit Co. for a Tahoe that they are paying directly as the disbursing agent.

4. Further the Plan appears to discriminate between creditors in the same class. The Debtors scheduled Central National Bank as an undersecured creditor with one claim amount of $30,000 but with a value of only $26,185.00. The Debtors list a second claim with a claim amount of $5,562.00 with a value of $20,150.00 but an unsecured portion of $5,412.00.

Central National Bank did not file a claim so the Trustee can neither confirm nor deny whether these claims are entitled to be paid directly by the Debtor as an oversecured creditor or whether this claim should be required to be paid through the plan as undersecured creditor. The Trustee requests that the Debtors provide proof that Central National Bank has a secured claim and the values of the collateral for each claim and proof that the Debtors are making post petition loan payments.

5. Recently the Court entered an Order allowing the direct payment of the Secured claim of Alice Wilson and requiring the unsecured portion of the claim to be paid through the plan. This treatment discriminates against the class of undersecured creditor being paid through the plan and the Plan should not be confirmed until the Court requires the secured portion of the claim of Alice Wilson to be paid through the plan with the trustee as the disbursing agent. The use of Section 1322 to pay an undersecured claim would be an unfair discrimination under Section 1322(b)(1) . The Trustee objects to Debtors proposal to make all significant payments directly to creditors, except for the claim of the internal revenue service, so as to avoid the trustee's fee and compensation expenses.

WHEREFORE, PREMISES CONSIDERED, the Chapter 13 Trustee Ray Hendren prays that, absent Debtors obtaining plan confirmation, the Court enter an Order Denying Confirmation of the proposed Chapter 13 Plan which requires Debtors to dismiss or convert the case within 10 days of the date of the hearing or face dismissal of the case without the need for a further hearing upon the Trustee's submission of an Order Summarily Dismissing Case. The Trustee further prays for such other and further relief as appropriate.

Dated: April 30, 2010

Respectfully Submitted

/s/Ray Hendren
———————————————————
Ray Hendren, Chapter 13 Trustee
8310 Capital Of Tx Hwy N
Suite 475
Austin, Tx 78731
Main: (512)474-6309
Fax: (512)482-8424

**United States Bankruptcy Court**
**Western District of Texas**
**Waco**

IN RE: CASE NO.: **09-61360**
**CHARLES ANTHONY PRUITT**
**KERRI LYNN PRUITT** CHAPTER 13

**CERTIFICATE OF SERVICE**
-----------------------------------------

I, Ray Hendren, hereby certify that a true and correct copy of the attached document was served upon the following parties via electronic means as listed on the Court's ECF noticing sytem or by regular mail on **April 30, 2010**.

| | | |
|---|---|---|
| Charles Anthony Pruitt<br>Kerri Lynn Pruitt<br>612 Wooded Crest<br>Waco, TX 76712 | Brice Vander Linden & Wernick<br>9441 Lbj Fwy #350<br>Dallas, TX 75243 | Saxon Mortgage Service<br>1270 Northland Dr Suite #200<br>Mendota Heights, MN 55120 |
| John A Montez<br>Montez & Williams Pc<br>3809 W Waco Dr<br>Waco, TX 76710-7105 | Sheehy Lovelace & Mayfield<br>510 N Valley Mills Dr #500<br>Waco, TX 76710-6077 | Mccreary Veselka Bragg Allen<br>Po Box 1269<br>Round Rock, TX 78680 |
| Office Of The Attorney General<br>Po Box 12548 Capital Station<br>Bankruptcy & Collections Divis<br>Austin, TX 78711-2548 | | |
| United States Trustee<br>903 San Jacinto<br>Suite 230<br>Austin, TX 79701 | | |

/s/ Ray Hendren
_____
Ray Hendren
Chapter 13 Trustee
8310 Capital Of Tx Hwy N
Suite 475
Austin, Tx 78731